IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PRATIKKUMAR PATEL, | ) | |
| Petitioner, | ) | NO. 3:19-cv-00489 |
| v. | ) | JUDGE RICHARDSON |
| RUSTY WASHBURN, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 15, "R & R"), which recommended that the Court[1] deny the petition for a writ of habeas corpus (Doc. No. 1, "Petition") that had been filed jointly by Petitioners, two brothers named Kalpesh Patel ("Kalpesh") and Pratikumar Patel a/k/a Pratikumar Patel ("Pratikumar"). In the R & R, the Magistrate Judge recommended that the Petition be denied with respect to Pratikumar on various particular grounds and be denied with respect Kalpesh on the sole basis of procedural default. Pratikumar filed objections to the R & R (Doc. No. 22, "Objections"), to which Respondent (the warden of Trousdale Turner Correctional Center) filed a response (Doc. No. 23). Kalpesh, who has been represented throughout this federal habeas case by the same attorneys who represent Pratikumar,[2] did not file any objections to the R& R.

---

[1] Herein, "the Court" refers to the undersigned district judge, as distinguished from the magistrate judge who entered the R & R.

[2] By contrast, each of the Petitioner's had his own counsel in the trial court and on direct appeal in state court. In post-conviction proceedings, they appear to have had the same counsel, except that on appeal of the circuit court's denial of post-conviction relief, Pratikumar apparently had one attorney in addition to the two attorneys the two brothers shared at that time.

Information obtained via a search (using the spelling "Pratikumar") using the search tool on the Tennessee Department of Correction website (https://foil.app.tn.gov/foil/search.jsp) indicates that Pratikumar was paroled in connection with the conviction and 15-year sentence that comprise the subject of the Petition,[3] and that he was deported from the United States.

If in fact Pratikumar was deported (or "removed") from the United States by immigration authorities, then this case has been mooted and the Petition would need to be dismissed as to him due to lack of subject-matter jurisdiction. *Ibrahim v. Sessions*, No. 4:18CV122, 2018 WL 3548827, at *2 (N.D. Ohio July 24, 2018) ("Because Petitioner is no longer detained and has been removed from the United States, his petition for writ of habeas corpus is moot. Therefore, this Court lacks subject matter jurisdiction. Accordingly, Respondents' Motion to Dismiss . . . is GRANTED, and the petition is dismissed with prejudice.").

Accordingly, by November 21, 2024, counsel for Pratikumar and counsel for Respondent shall file a notice (jointly if possible, separately if necessary) of their understanding as to whether Pratikumar was deported.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] The Court suspects that if in fact Pratikumar was paroled, then the warden of Trousdale Turner Correctional Center would no longer be the proper respondent.