IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KALPESH PATEL AND PRATIKKUMAR PATEL, | ) ) ) ) ) ) ) ) ) ) ) |
| Petitioner, | |
| v. | NO. 3:19-cv-00489 |
| RUSTY WASHBURN, | JUDGE RICHARDSON |
| Respondent. | |

# **ORDER**

Pending before the Court are Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 15, "R & R"), which recommended that the Court[1] deny the petition for a writ of habeas corpus (Doc. No. 1, "Petition") that had been filed jointly by Petitioners, two brothers named Kalpesh Patel herein, ("Kalpesh") and Pratikumar Patel a/k/a Pratikkumar Patel (herein, "Pratikkumar" or "Pratikkumar"). In the R & R, the Magistrate Judge recommended that the Petition be denied with respect to Pratikumar on various particular grounds and be denied with respect Kalpesh on the sole basis of procedural default. Pratikkumar filed objections to the R & R (Doc. No. 22, "Objections"),[2] to which Respondent (the warden of Trousdale Turner Correctional Center) filed a response (Doc. No. 23). Kalpesh, who has been represented throughout

---

[1] Herein, "the Court" refers to the undersigned district judge, as distinguished from the magistrate judge who entered the R & R.

[2] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 30) itself, to the purported objections contained therein (i.e., the "objections" to the R&R contained within the "Objections"), or both.

this federal habeas case by the same attorneys who represent Pratikumar,[3] did not file any objections to the R & R.

> In a prior order (Doc. No. 25, "Order"), the Court noted as follows:
>
>> Information obtained via a search (using the spelling "Pratikumar") using the search tool on the Tennessee Department of Correction website (https://foil.app.tn.gov/foil/search.jsp) indicates that Pratikumar was paroled in connection with the conviction and 15-year sentence that comprise the subject of the Petition, and that he was deported from the United States.
>>
>> If in fact Pratikumar was deported (or "removed") from the United States by immigration authorities, then this case has been mooted and the Petition would need to be dismissed as to him due to lack of subject-matter jurisdiction. Ibrahim v. Sessions, No. 4:18CV122, 2018 WL 3548827, at *2 (N.D. Ohio July 24, 2018) ("Because Petitioner is no longer detained and has been removed from the United States, his petition for writ of habeas corpus is moot. Therefore, this Court lacks subject matter jurisdiction. Accordingly, Respondents' Motion to Dismiss . . . is GRANTED, and the petition is dismissed with prejudice."). Accordingly, by November 21, 2024, counsel for Pratikumar and counsel for Respondent shall file a notice (jointly if possible, separately if necessary) of their understanding as to whether Pratikumar was deported.

(Doc. No. 25 at 2). The Court therefore ordered counsel for Pratikumar and counsel for Respondent to file a notice of their understanding as to whether Pratikumar was deported. (*Id.*). In compliance with the Order, the parties filed a joint notice that provided in pertinent part:

> The parties have individually investigated and confirmed that Petitioner Pratikkumar Patel was removed on October 18, 2023. Specifically, the undersigned counsel for Respondent confirmed the removal through documentation by the Tennessee Department of Correction. Counsel for Pratikkumar Patel, Patrick McNally, also confirmed the removal of his client. The parties concur with the Court's observation that the case, as to Petitioner Pratikkumar Patel, has been mooted, and the Petition should be dismissed as to him due to the lack of subject-matter jurisdiction.

---

[3] By contrast, each of the Petitioners had his own counsel in the trial court and on direct appeal in state court. In post-conviction proceedings, they appear to have had the same counsel, except that on appeal of the circuit court's denial of post-conviction relief, Pratikkumar apparently had one attorney in addition to the two attorneys the two brothers shared at that time.

(Doc. No. 26 at 1). Based on this confirmation of Pratikumar's status as a deportee and in light of the parties' concurrence that dismissal as to Pratikumar is warranted on the grounds of mootness, the Petition with respect to Pratikumar is DISMISSED as moot.

That leaves the Petition with respect to Kalpesh. As noted above, Kalpesh did not file any objection to the R & R. The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed.[4] *Id.* Accordingly, as to Kalpesh, the R & R is adopted and approved is unopposed, and the Petition as to him is DISMISSED on that basis.

Based on the dismissal of the Petition as to each of the two Petitioners, this action is DISMISSED in its entirety. The Clerk is directed to enter final judgment in this case under Fed. R. Civ. P. 58 and close the file.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] Nonetheless, the Court has reviewed the R & R in full.